GEORGE E. EMORY v. STATE OF NEBRASKA, EX REL. WILLIAM H. MORRIS.

FILED NOVEMBER 3, 1898. No. 10410.

Conflicting Evidence: REVIEW. Where there is presented upon the record no question except the sufficiency of the proofs to sustain conclusions reached upon consideration of conflicting evidence, the order or judgment assailed must be affirmed.

ERROR from the district court of Gage county. Tried below before LETTON, J. *Affirmed.*

*Hastings & Sands, W. C. Le Hane, R. W. Sabin,* and *R. S. Bibb,* for plaintiff in error.

*J. D. Pope* and *F. I. Foss,* contra.

RYAN, C.

This application for a mandamus to compel George E. Emory, as secretary, to certify to a certain nomination was presented to the Honorable C. B. Letton, by whom there was issued on the final hearing a peremptory writ as prayed. This proceeding in error is for the review of this order.

. It was recited in the alternative writ that J. E. Cobbey was nominated by a republican convention as a candidate for representative of the thirty-third representative district in the legislature of this state; that by said convention John N. Van Duyn was elected central committeeman for Saline county, George E. Emory was elected central committeeman for Gage county, and P. W. Grant chairman of the committee of which Van Duyn and Emory were members; that by a resolution of said convention said committee was authorized to fill any vacancies for the republicans of said district; that said committee duly received and accepted the resignation of said J. E. Cobbey as candidate aforesaid and proceeded to fill the vacancy caused by said resignation; that Van Duyn presented the name of William S. Grafton to fill said vacancy, and, no other nomination being made, Van Duyn voted for Grafton, Emory refused to vote, and Grant also voted for Grafton; that Emory was secretary of said committee and refuses upon demand to certify said nomination that the name of Grafton may, by proper authority, be placed upon the ballots to be prepared for the voters of Saline and Gage counties composing said thirty-third representative district. It is scarcely necessary to say that the alternative order was to show cause why the respondent persisted in the refusal to make the certificate

demanded. In his answer Emory alleged that the meet-
ing at which Grafton was named and voted for as candi-
date to fill the place made vacant by the resignation of
J. E. Cobbey was continued to an indefinite time without
concluding its business, and that thereafter, the session
of said committee having been resumed, the nomination
of Grafton was declared not to have been duly made and
another name was selected to fill the vacancy caused by
the resignation of Cobbey. Upon conflicting evidence
upon the issue above described, which was the essential
issue joined, the order prayed was made, and as there
was sufficient proof to sustain the conclusions reached,
the order presented for review is

AFFIRMED.